PROVIDED TO
CENTURY CI
APR 0 8 2022
FOR MAILING  MLO
RECEIVED BY

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **MIDDLE** |
|---|---|
| Name (under which you were convicted): **Melvin L. Ortiz** | Docket or Case No.: |
| Place of Confinement: **Century Correctional Institution** **400 Tedder Rd** **Century, FL 32535-3700** | Prisoner No.: **C06951** |
| Petitioner (include the name under which you were convicted) Respondent (authorized person having custody of petitioner) **MELVIN L. ORTIZ, V. RICKY DIXON, Secretary Florida Department of Corrections** ||
| The Attorney General of the State of Florida **Hon. Ashley Moody** ||

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **OSCEOLA COUNTY, FLORIDA, NINTH JUDICIAL CIRCUIT**

(b) Criminal docket or case number (if you know): **2009-CF-003036**

2. (a) Date of the judgment of conviction (if you know): **JULY 28TH, 2012.**

(b) Date of sentencing: **08/06/2012.**

3. Length of sentence: **LIFE, WITHOUT PAROLE**

1

4. In this case, were you convicted on more than one count or of more than one crime? ☑ **Yes** ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **First-degree premeditated murder, (count one). Aggravated Child Abuse (count two), Life without parole**

6. (a) What was your plea? (Check one)

☑ (1) Not guilty   ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty   ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one) ☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? ☐ Yes ☑ No

8. Did you appeal from the judgment of conviction? ☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Fifth District Court of Appeal, State of Florida**

(b) Docket or case number (if you know): **5D12-4363**

(c) Result: **Per Curiam Affirmed**

(d) Date of result (if you know): **March 4th, 2014.**

(e) Citation to the case (if you know): **N/A**

(f) Grounds raised: **N/A**

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following: **N/A**

1. Name of court: **N/A**

2. Docket or case number (if you know): **N/A**

2

  3. Result: **N/A**

  4. Date of result (if you know): **N/A**

  5. Citation to the case (if you know): **N/A**

  6. Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

  1. Docket or case number (if you know): **N/A**

  2. Result: **N/A**

  3. Date of result (if you know): **N/A**

  4. Citation to the case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Ninth Judicial Circuit, Osceola County, State of Florida**

(2) Docket or case number (if you know): **2009CF003036**

(3) Date of filing (if you know): **October, 18th, 2011.**

(4) Nature of the proceeding: **Motion to suppress**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Granted in part, denied in part.

(8) Date of result (if you know): **July, 23rd, 2012**

3

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Ninth Judicial Circuit Court**

(2) Docket or case number (if you know): **2009CF003036**

(3) Date of filing (if you know): **August 6th, 2012**

(4) Nature of the proceeding: **Motion to interview juror; New trial; Not withholding the verdict**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: **Denied; Denied; Denied**

(8) Date of result (if you know): **September 28th, 2012**

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: **Circuit Court, Ninth Judicial Circuit, State of Florida**

(2) Docket or case number (if you know): **2009CF3036**

(3) Date of filing (if you know): **April 6th, 2015**

(4) Nature of the proceeding: **Motion for Post-Conviction Relief**

(5) Grounds raised **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes ☑ No

(7) Result: **Denied**

(8) Date of result (if you know): **December 16th, 2015**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

4

(1) First petition: ☐ Yes ☑ No

(2) Second petition: ☐ Yes ☑ **No**

(3) Third petition: ☐ Yes ☑ **No**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **Legal assistance of Counsel was not effective.**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.
<u>**CAUTION**: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

## I. GROUND ONE:

**PETITIONER'S ASSISTANCE OF COUNSEL WAS NOT EFFECTIVE BECAUSE HE FAILED TO OBJECT TO ERRONEOUS JURY INSTRUCTIONS AND ERRONEOUS VERDICT FORMS VIOLATING HIS 6TH AND 14TH AMENDMENT RIGHTS.**

1 Mr. Ortiz, Petitioner/Defendant, is claiming that his due process rights have been violated according to the 6th and 14th Amendments of the U.S. Constitution when his trial court counsel failed to provide him with assistance that was effective when they failed to object to erroneous jury instructions that caused Mr. Ortiz to ultimately be convicted of first-degree felony murder in which he was

5

not charged on his Information of. (Please see Exhibit A). Mr. Ortiz was charged with first-degree premeditated murder which is a capital offense and he was also charged with aggravated child abuse which is from a premeditated design using "knowingly" or "intentionally" to cause bodily harm, but certainly not death.

2	First-degree murder "as charged" on the Indictment included from a premeditated design which is an intentional act to kill. We make note of this as a common language and with liberal means that the definition for murder already includes "premeditated." From a common law and common sense point of view all murders are intentional and any death or homicide that is unintentional can be classified in lesser offenses, such as second degree murder, third-degree murder, manslaughter, etc.

3	Florida Statute includes what is called felony first degree murder which the legislative intent for that statute is for offenses that cause a victim to be murdered or killed in the course of committing another intentional felony or act. These other offenses are usually crimes of burglary or robbery where there is a weapon involved and someone is killed because they are present during this offense or perhaps in the way.

4	An offense such as aggravated child abuse and first-degree felony murder to logically exist in the same episode they would have to be separate offenses that happened at different times or included another victim but aggravated child abuse cannot logically exist as being the predicate for felony murder because if Mr. Ortiz "intentionally" abused his son with the "intent" to cause bodily harm, then his intent clearly was "not" to murder his son. And if his son dies which he did die, in the course of committing an intentional child abuse, then it is certainly not murder of any kind but rather an accidental death.

5	Mr. Ortiz's defense counsel failed to object to the jury instructions because the jury instruction did not include "premeditated" and therefore had no

instruction for premeditation under the first-degree murder instruction and it should have included a premeditation instruction because Mr. Ortiz was charged with a premeditated murder which was from a premeditated design but was convicted of felony murder which is "not" what he was charged with on the Information. This is erroneous and his verdict forms are also erroneous because the jury marked guilty as charged in the Indictment but there was no special finding on the verdict form for premeditation in which premeditation "is" on the Indictment and charging Information "not" felony murder in which Mr. Ortiz was convicted of. The State used aggravated child abuse as a predicate to first-degree felony murder. This cannot logically stand and it is not constitutional because Mr. Ortiz is prejudiced in a way by jurors where it deprived him of having the jury members make a distinction of what offenses were premeditated and which were not because, in this case, if jury members were given the option, through a special finding, to mark premeditated, intention, or not premeditated or intentional, then the jurors would not have marked premeditated or intentional.

  6  The jurors were actually not sure what to mark on the verdict forms and they chose to mark first-degree murder because there was no special finding to choose from in order to help them choose a lesser included offense. They did not know that they had other legal options that they could have chosen from but because Mr. Ortiz's defense attorney failed to object to these instructions and verdict forms, the jury simply made the choice that was available but not the choice that they "wanted" to make.

  7  This is evident as juror member "Mark Mathis" explained in a three (3) page letter written to the Honorable Judge Jon Morgan, where at the end of the letter, Mr. Mathis states in big bold letters:"I BELIEVE MELVIN ORTIZ MADE A MISTAKE AND BELIEVE WE MADE A MISTAKE."

8    It is with this claim that effective assistance was not provided for Mr. Ortiz because by all means and definition, aggravated child abuse is a predicate for manslaughter or second-degree murder, but certainly not a predicate for first-degree murder because aggravated battery is an offense within itself that has its own elements and murder has its own elements and the two cannot logically exist together in the same criminal episode on the same victim. We conclude this ground as one that is common with a common meaning and pray this it is construed with liberal means based on the merit.

9    Even if aggravated child abuse could, in fact, logically exist as a predicate for first-degree murder, the State would still have to prove that Mr. Ortiz caused the death because the victim did not die at the crime scene and also there was another victim who testified that the step-mother was the one who beat the victim and caused the injuries. Testimony from witness Dagmar Martinez testified as follows: (in reference to victim's step-mother Francis Rodriguez) "She told me that she was the one that had killed Kenyon." Where a motion for judgment notwithstanding, the verdict was filed supporting the act that a judgment of acquittal was granted due to the fact that the judgment does not support the verdict.

**SUPPORTING FACTS:**

§9, Due Process – No person shall be deprived of life, liberty or property without due process of law, or twice be put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against oneself.

§13, Habeas Corpus – The Writ of Habeas Corpus shall be grantable of right, freely and without cost. It shall be returnable without delay, and shall never be suspended unless, in case of rebellion or invasion, suspension is essential to the public safety.

And §21, Access to Courts – The Courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial, or delay.

(b) If you did not exhaust your state remedies on Ground One, explain why: **Petitioner was not able to exhaust all his remedies because his Post-Conviction Motion was dismissed as untimely filed even though Petitioner filed for an appeal, the appeal was declared out of jurisdiction.**

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: **Assistance of Appellate Counsel was not effective in properly raising this issue and it has recently become known to the Petitioner that he could have raised this issue.**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d) (1) is "Yes," state: Type of motion or petition:

Type of motion or petition: **Post-Conviction for Habeas Corpus**

Name and location of the court where the motion or petition was filed: **Osceola County, Ninth Judicial Circuit, Florida.**

Docket or case number (if you know): **2021-CA-417DC**

Date of the court's decision: **February 19th, 2021**

Result (attach a copy of the court's opinion or order, if available): **Dismissed with a show cause Order as to why Petitioner should not be barred from pro se filings.**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal filed: **Fifth District Court of Appeal, 300 S. Beach Blvd., Daytona Beach, Florida.**

Docket or case number (if you know): **5D21-1691**

Date of the court's decision: **August 3rd, 2021**

Result (attach a copy of the court's opinion or order, if available): **Dismissed for lack of jurisdiction**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Nothing else known to be timely filed regarding this issue.**

## II.   GROUND TWO:

**Petitioner is claiming his counsel's assistance was not effective when his Trial Court Counsel misadvised him about a temporary insanity plea.**

## MR. ORTIZ IS CLAIMING HIS "ASSISTANCE" OF COUNSEL WAS INEFFECTIVE WHEN HIS TRIAL COURT COUNSEL MISADVISED HIM ABOUT A TEMPORARY INSANITY PLEA STATING THAT AN EXPERT WITNESS WOULD NOT HELP HIS DEFENSE OR SENTENCE WHICH VIOLATED HIS 6TH AND 14TH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.

**Supporting Facts:**

1    Mr. Ortiz is claiming that his due process rights have been violated according to the 6th and 14th Amendments of the United States Constitution when trial court counsel misadvised Mr. Ortiz that expert witness for a psychic evaluation was not necessary even though Mr. Ortiz stated that he felt he and the victim's step-mother needed to be evaluated. Mr. Ortiz felt as though he and the victim's step-mother both had issues dealing with their son and both had been going through a lot of stress lately and Mr. Ortiz himself had expressed his concerns with depression. He was about 29 years old when this incident happened and he had just moved from Seattle, Washington where he previously lived in Puerto Rico where he played professional basketball until he had to quit and move to Florida to raise a family.

2    He had been struggling trying to adjust to working everyday in a different state and struggling with bills help top cause strife within his relationship. Mr. Ortiz had experienced some psychological breakdowns and also mentioned to witnesses as well as his attorney about his concerns about the victim's step-mother and her it has recently become known to Petitioner that he could have raised this issue.

(2) If your answer to Question (d) (1) is "Yes," state: Type of motion or mental condition as well.

This ineffective assistance of counsel prejudiced Mr. Ortiz because it deprived him of the opportunity to show the Court and the jurors that this was an accidental death that resulted in the "Heat of Passion" due to the fact that a parent was going through some sort of emotional duress. He was deprived of the opportunity to have an expert witness provide testimony after an evaluation to determine if Mr. Ortiz was the parent who had some type of mental breakdown which caused him to snap and accidently beat his son to death. Either way, the defense counsel's assistance was not effective because his misadvise was not accurate because he is unable professionally to say whether or not Mr. Ortiz and his family do not have a psychological problem and furthermore, he cannot professionally suggest that Mr. Ortiz was not temporarily insane at the time of this incident.

(b) If you did not exhaust your State remedies on Ground two, explain why: Assistance of Appellate Counsel was not effective in properly raising this issue and it has recently become known to Petitioner that he could have raised this issue.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **NO**

(2) If you did not raise this issue in your direct appeal explain why: Assistance of Appellate Counsel was not effective in properly raising this issue and petition:

Type of motion or petition: **Post-Conviction for Habeas**

Name and location of the court where the motion or petition was filed: **In the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida.**

Docket or case number (if you know): **L.T. Case No.: 2021-CA-417**

Date of the court's decision: **February 19th, 2021**

Result (attach a copy of the court's opinion or order, if available): **Dismissed for lack of jurisdiction**

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal filed: **Fifth Distinct Court of Appeal, 300 S. Beach Blvd., Daytona Beach, Florida.**

Docket or case number (if you know): **5D21-1691**

Date of the court's decision: **August 3rd, 2021**

Result (attach a copy of the court's opinion or order, if available): **Dismissed for lack of jurisdiction**

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you: have used to exhaust your state remedies on Ground Two: **Nothing else to be known to be timely filed regarding this issue.**

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," states which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court?

13

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

Name and location of the court where the appeal filed **N/A**

Type of Proceeding: **N/A**

Issues raised: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **N/A**

(b) At arraignment and plea: (c) At trial: (d) At sentencing: (e) On appeal: (f) In any post-conviction proceeding: **N/A**

(c) At trial: Migdalia Perez and Jamie Kune, 2 Courthouse Square, Suite 1600, Kissimmee, Florida; 34741.

(d) At sentencing: Migdalia Perez and Jamie Kune

(e) On Appeal: **N/A**

(f) In any Post-Conviction proceeding: Pro se law clerks

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro se law clerks**

14

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: (c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☑ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

Petitioner has a legitimate claim that his Due Process Rights under the Sixth Amendment of the United States Constitution has been violated and his equal protection rights have been violated under the 14th Amendment of the United States Constitution. Also Petitioner has undergone a series of ineffective assistance of counseling from both attorney's and law clerks through no fault of his. Further arguments is enclosed in Memorandum.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

1.   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

A.       The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

C. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

A. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief: To review the merits, set evidentiary hearing date, reverse and remand for new trial; or any other relief to which Petitioner may be entitled.

S/_____
Signature of attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the __8__ day of, __April__, 2022.

Executed (signed) on (date).
/S/_____
Signature of Petitioner
**MELVIN L. ORTIZ, PRO SE;DC#C06951**
**Century Correctional Institution**
**400 Tedder Rd.**
**Century, FL. 32535**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

16