UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVIN L. ORTIZ,

        Petitioner,

v.                                               Case No. 6:22-cv-703-WWB-EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
                                      /

## ORDER

THIS CAUSE is before the Court on Petitioner Melvin L. Ortiz's Petition for Writ of Habeas Corpus ("**Petition**," Doc. 1) filed pursuant to 28 U.S.C. § 2254.[1] For the following reasons, the Petition is dismissed as untimely.

### I. PROCEDURAL HISTORY

A jury convicted Petitioner of first-degree murder (Count One) and aggravated child abuse (Count Two). (Doc. 6-1 at 18). The trial court sentenced Petitioner to life in prison on Count One and to a fifteen-year term of imprisonment on Count Two. (*Id.*). Petitioner appealed, and on March 4, 2014, the Fifth District Court of Appeal of Florida ("**Fifth DCA**") affirmed *per curiam*. (*Id.* at 27).

On March 27, 2015, Petitioner filed a motion for post-conviction relief pursuant to

---

[1] Respondents filed a Response to the Petition ("**Response to Petition**," Doc. 6) in compliance with this Court's instructions. Petitioner filed a Reply to the Response ("**Reply,**" Doc. 11).

Florida Rule of Criminal Procedure 3.850. (Doc. 6 at 1). The state court denied the motion on December 16, 2015. (Doc. 6-1 at 5). Petitioner did not appeal.

Approximately three years later, on March 22, 2018, Petitioner filed a motion to correct scrivener's error. (*Id.*). The state court denied the motion on October 11, 2018, and Petitioner appealed. (*Id.*). The Fifth DCA *per curiam* affirmed, and mandate issued on February 1, 2019. *See Ortiz v. State*, 262 So. 3d 198 (Fla. 5th DCA 2019); *see also* (Doc. 6-1 at 30). Thereafter, Petitioner sought discretionary review in the Florida Supreme Court. The Florida Supreme Court the petition for lack of jurisdiction on February 21, 2019. (Doc. 6-1 at 34).

Petitioner then filed several motions that were all denied or dismissed. (*Id.* at 4). The Fifth DCA affirmed the dismissals and denials *per curiam*. (*Id.* at 38, 40, 42, 51).

Petitioner initiated this action on April 8, 2022. (Doc. 1 at 1–16).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d)(1)–(2).

The Fifth DCA affirmed Petitioner's conviction on March 4, 2014. Petitioner then had ninety days, or through June 2, 2014, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on June 2, 2014. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired). Petitioner's limitation period, therefore, began to run on this date.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" collateral proceedings. Petitioner filed a post-conviction motion on March 27, 2015. At that time, 298 days of the limitation period had expired. The time was tolled through January 15, 2016, when the time expired for Petitioner to appeal the denial of his post-conviction motion. At that time, sixty-seven days remained for Petitioner to timely file his federal petition, or through March 22, 2016.

The Court is aware that Petitioner filed other collateral motions, but they were filed after the limitation period expired on March 22, 2016. Consequently, the tolling provision of § 2244(d)(2) does not apply to those proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be

tolled."). Consequently, the petition filed on April 8, 2022, is untimely under § 2244(d)(1)(A).

Petitioner asserts that he is actually innocent to overcome his untimely filing. (*See* Doc. 11 at 10–11, 15–16). Petitioner does not explain, however, what establishes that he is factually innocent of the offenses.

A showing of actual innocence may relieve habeas petitioners from the burdens imposed by § 2244(d). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup*, 513 U.S. at 324. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

Here, Petitioner has not offered new reliable evidence establishing his actual innocence. Petitioner, therefore, has not demonstrated that he is actually innocent. *See House v. Bell*, 547 U.S. 518, 536–37 (2006) (stating that "[to prevail on a claim of actual innocence, the petitioner] must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'" (quoting *Schlup*, 513 U.S. at 327)). Accordingly, this action is untimely.[2]

---

[2] Any allegations not specifically addressed are without merit.

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party